UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSLYN ALMA DAMES,

                              Plaintiff,

        -against-

BILL DE BLASIO, MAYOR, NEW YORK
CITY; DEAN SANTA, DIRECTOR OF
ASSET MANAGEMENT, UNITED STATES
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; ST. MARGARET'S
HOUSE; TRINITY CHURCH WALL
STREET; ST. PAUL'S CHURCH,

                              Defendants.

20-CV-0226 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff, appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging that Defendants violated her constitutional rights. By order dated February

12, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis* (IFP). For the reasons that follow, the Court dismisses the action, but grants

Plaintiff 30 days' leave to replead her claims.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this complaint because she alleges that Defendant St. Margaret's House refused to reinstate her Section 8 voucher and refused to allow her to return to her apartment. Plaintiff alleges that, while residing at St. Margaret's House, she witnessed the 9-11 attacks and, as a result, she suffered from post-traumatic stress disorder (PTSD); and her apartment was

contaminated. She moved out of her apartment in St. Margaret's House in 2002.[1] Plaintiff claims that "[a]s a result of [her] failure to treat [her] PTSD," she signed vacancy papers under duress and lost her apartment, and that St. Margaret's House denied her the right to return to the apartment she vacated due to their "intolerance of [her] PTSD." (ECF No. 2 at 7).

Plaintiff attaches to her complaint letters she sent to the World Trade Health Program, Defendant Mayor Bill de Blasio, and Defendant Dean Santa. Additionally, she attaches letters from a doctor and licensed social worker stating that Plaintiff's current shelter is insufficient and urging Plaintiff's transfer to a more suitable living arrangement for her conditions.

In a letter Plaintiff submitted to the Court on April 23, 2020 (ECF No. 5), it appears that Plaintiff sought to restore her tenancy at St. Margaret's House in May 2019. In the letter, she mentions speaking with the building coordinator at St. Margaret's House in July 2002, but Plaintiff claims the coordinator did not "offer steps through HUD to restore [her] tenancy despite [her] PTSD." (*Id.* at 2).

## DISCUSSION

Because Plaintiff asserts that her constitutional rights were violated, the Court construes her allegations as asserting claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] The timeline is unclear because, in her complaint, Plaintiff alleges that she lived at St. Margaret's House from July 1996 to March 2002; however, in a subsequent letter sent to the Court, she claims to have lived there from 1994 to May 2002.

**A.      Defendant Mayor Bill de Blasio**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v.*

*Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983

solely because that defendant employs or supervises a person who violated the plaintiff's rights.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An

individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a
> policy or custom, (4) the defendant was grossly negligent in supervising
> subordinates who committed the wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of [the plaintiff] by failing to act on
> information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing how Defendant Mayor Bill de Blasio was

personally involved in the events underlying her claims. Plaintiff's claims against Mayor Bill de

Blasio are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28

U.S.C. § 1915(e)(2)(B)(ii).

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may
have heightened the requirements for showing a supervisor's personal involvement with respect
to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon
v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

**B.      Defendants St. Margaret's House, Trinity Church Wall Street, St. Paul's Church**

Plaintiff's claims against St. Margaret's House, Trinity Church Wall Street, and St. Paul's Church must also be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. None of these Defendants constitute a "person" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Additionally, Plaintiff does not make clear what St. Margaret's House, Trinity Church Wall Street, and St. Paul's Church did that violated her rights. Plaintiff's claims against these Defendants must therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      The Housing Act of 1937, 42 U.S.C. § 1437f**

It appears that Plaintiff seeks to have her subsidies reinstated under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f and to challenge St. Margaret's House's denial of her request to return to her apartment.[1] There is no right, however, under the United States Constitution to housing benefits. *See generally*, *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive

---

[1] Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, assists low income families in securing a decent place to live and promotes economically mixed housing. 42 U.S.C. § 1437f(a). Under the program, private landlords are provided with federal housing subsidies for each qualified tenant who occupies an approved housing unit and qualifying tenants pay a portion of their income to the landlord. § 1437a(a).

in that document any constitutional guarantee of access to dwellings of a particular quality . . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions.").[2]

Nor is there a private cause of action under the Housing Act to bring claims against a private landlord for violations of Section 8. *See Rivera v. Phipps Houses Services, Inc.*, No. 01 Civ. 2324 (HB), 2001 WL 740779, at *4 (S.D.N.Y. June 29, 2001); *McNeill v. New York City Housing Auth.*, 719 F. Supp. 233, 248 (S.D.N.Y. 1989); *see also Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 298-99 (2d Cir. 1998) (casting doubt that an implied private right of action in favor of a Section 8 certificate holder existed under the statute); *Swift v. McKeesport Housing Auth.*, No. 08 Civ. 275 (JFC), 2009 WL 3856304, *10, FN 4 (W.D. Pa. Nov. 17, 2009) (listing cases from various courts finding no express or implied private right of action under Section 8 of the Housing Act); *Green v. Konover Residential Corporation*, No. 3:95 Civ. 1984 (GLG), 1997 WL 736528, at *9 (D. Conn. Nov. 24, 1997) (no private right of action to bring claims against private landlord under Section 8).

Therefore, to the extent Plaintiff seeks damages for Defendants' alleged noncompliance with federal housing statutes, she cannot state a claim under federal law, and the claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Persons already receiving housing benefits, however, have a protected property interest in continuing to receive such assistance, and the Fourteenth Amendment forbids the state from terminating that person's benefits without minimal due process. *See Goldberg v. Kelly*, 397 U.S. 254, 266-71 (1970) (due process includes (1) timely and adequate notice, including reasons for proposed termination, (2) opportunity to be heard at pre-termination hearing, including the right to present evidence and confront and cross-examine witnesses, (3) right to be represented by counsel at the hearing, (4) a written decision, including the reasons for the determination and the evidence on which decision maker relied, and (5) an impartial decision maker).

If Plaintiff wishes to challenge the denial of her Section 8 benefits, she can seek judicial review of the decision or the failure to act under Article 78 of the New York Civil Practice Law and Rules. *See* N.Y.C.P.L.R. § 7801 (relief available under Article 78 includes relief previously sought by state-court writs of *certiorari*, *mandamus*, and prohibition); *Nenninger v. Vill. of Port Jefferson*, 509 F. App'x 36, 39 n.2 (2d Cir. 2013) (summary order); *Campo v. N.Y.C. Emp. Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988); *Gregory v. Inc. Vill. of Centre Island*, No. 14-CV-2889, 2015 WL 5093623, at *7 (E.D.N.Y. Aug. 28, 2015).

**D.      Fair Housing Act**

Plaintiff alleges that she is disabled, and that Defendants have denied her housing. The Court therefore construes Plaintiff's allegations as asserting that Defendants violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* The FHA "broadly prohibits discrimination in housing . . . ." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

Even based on a liberal reading of Plaintiff's allegations, the Court is unable to conclude that this action can proceed under the FHA. Although Plaintiff identifies herself as a person with a disability and she alleges discrimination, she does not allege facts suggesting that any Defendant discriminated against her, or retaliated against her, on the basis of that disability.

E.      **Statute of Limitations**

Even assuming that Plaintiff could state a claim under the FHA, it appears that Plaintiff's claims would be time-barred. A civil action under the FHA may be brought no "later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a).[3] It is clear that Plaintiff knew or should have been aware of the alleged violations at the time she moved out of St. Margaret's House in 2002. This complaint was received by the Court on January 8, 2020, approximately 18 years after the alleged incident occurred.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable

---

[3] Under the continuing violation doctrine, when an unlawful practice "continues into the limitations period, the complaint is timely" if the last alleged practice is within the two-year statutory period. *Havens v. Coleman*, 455 U.S. 363, 380 (1982). "A continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted . . . to continue unremedied for so long as to amount to a discriminatory policy or practice." *Tejada v. Little City Realty LLC*, 308 F. Supp. 3d 724, 730 (E.D.N.Y. 2018) (relying on *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994)).

to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

Because it is not clear that granting Plaintiff leave to address the timeliness of her claims would be futile, the Court will therefore grant Plaintiff leave to address the timeliness issue and to allege, if appropriate, why the applicable limitations period should be equitably tolled.

**F.      Leave to Amend**

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because Plaintiff is proceeding *pro se,* and the nature and viability of her claims are not clear, the Court grants Plaintiff leave to replead, to allege any facts supporting her claims under the FHA and to allege why the statute of limitations period should be equitably tolled, within 30 days of the date of this order.

In the event that Plaintiff chooses to file an amended complaint, the Court strongly encourages her to ask for assistance. If Plaintiff needs legal advice related to this matter, she may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order.

Plaintiff is granted leave to amend her complaint to allege facts that state a claim under the FHA, name defendants involved in the alleged violation of her rights, and state why the statute of limitations should be equitably tolled. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights under the FHA; what facts show that her rights under the FHA were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff may not rename in an amended complaint any Defendant dismissed by this order.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0226 (LLS). An Amended Complaint form is attached to this order.

If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated:    July 8, 2020
          New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial        Last Name

_____

Street Address

_____

County, City                         State               Zip Code

_____      _____

Telephone Number               Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                     State                        Zip Code

Defendant 2:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                     State                        Zip Code

Defendant 3:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                     State                        Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.