UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSLYN ALMA DAMES,

            Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
HOUSING & URBAN DEVELOPMENT;
CLAIRE GUERRETTE, DIRECTOR, ST.
MARGARET'S HOUSE; DEAN SANTA,
DIRECTOR OF ASSET MANAGEMENT, U.S.
DEPT. OF HOUSING & URBAN
DEVELOPMENT,

            Defendants.

20-CV-0226 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed a complaint alleging that Mayor Bill De Blasio, Dean Santa, St. Margaret's House, Trinity Church Wall Street, and St. Paul Church violated her rights. By order dated July 8, 2020, the Court: (1) construed Plaintiff's allegations as asserting claims under 42 U.S.C. § 1983; (2) dismissed Plaintiff's claims against Mayor Bill De Blasio, St. Margaret's House, Trinity Church Wall Street, and St. Paul Church; (3) dismissed Plaintiff's claim to have her subsidies under Section 8 of the United States Housing Act of 1937 reinstated; (4) dismissed Plaintiff's challenge to St. Margaret's House's denial of Plaintiff's request to return to her apartment; (5) advised Plaintiff that if she wishes to challenge the denial of Section 8 benefits, she may do so by filing an Article 78 proceeding; (6) construed Plaintiff's allegations that she is disabled and that Defendant denied her housing as asserting that Defendants violated the Fair Housing Act (FHA) and granted Plaintiff leave to replead to allege any facts supporting her claim under the FHA — that Defendants discriminated against her, or

retaliated against her, on the basis of her disability; and (7) directed Plaintiff to address the timeliness of her claims. (ECF No. 6.)

Plaintiff filed an amended complaint on July 13, 2020, naming the United States Department of Housing & Urban Development; Claire Guerrette, Director, St. Margaret's House; and Dean Santa, Director of Asset Management, U.S. Dept. of Housing & Urban Development, as Defendants. (ECF No. 7.) In her amended complaint, Plaintiff reiterates many of the same allegations contained in her original submission and continues to express her dissatisfaction with Defendants' handling of her housing issues. She repeats the allegation that she is disabled, but, as in her original complaint, she does not allege facts suggesting that any Defendant discriminated against her, or retaliated against her, on the basis of her disability. Because Plaintiff does not allege that her disability was the basis for Defendants' conduct, Plaintiff's sole remaining claim under the FHA is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if Plaintiff had stated a claim under the FHA, this claim would be untimely. In her amended complaint, Plaintiff realleges that she suffers from post-traumatic stress disorder (PTSD) and asserts that her claim should therefore be equitably tolled. She only acknowledges that she was "temporarily incapacitated." (ECF No. 7 at 6.) She alleges that she continued to pay her rent until 2004, and she attaches to her complaint a letter from the Social Security Administration, indicating that she became disabled "under [their] rules on May 1, 2018." (*Id.* at 8.) Despite Plaintiff's assertions, it appears that she was able to and did function in society during the timeframe in question. Because Plaintiff fails to show that the statute of limitations should be tolled, the Court finds that if Plaintiff had asserted a claim under the FHA, it would be time-barred.

Plaintiff again seeks to have this Court reinstate her Section 8 benefits, but this Court lacks mandamus jurisdiction to compel Defendants to take such action. Federal courts have no general

power to compel action by state officials. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *see also Fullan v. Comm'r of Corr. of N.Y.*, 891 F.2d 1007, 1009-10 (2d Cir. 1989). If Plaintiff wishes to seek review of the decision to terminate her Section 8 benefits, she may file an Article 78 proceeding in state court. *See* N.Y.C.P.L.R. § 7801 *et seq*. Under New York law, access to postdeprivation process such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the state courts in an Article 78 proceeding have been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1]

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request for injunctive relief is denied as moot.

SO ORDERED.

Dated:   October 30, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[1] Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 3.)